N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE J. BROOKS, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-21-1029 |
| UNITED STATES OF AMERICA | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is Defendant United States of America's ("Defendant") Motion for Summary Judgment ("Motion"). ECF No. 29.[1] Having considered the submissions of the parties (ECF No. 29, 30, 31, 34 & 35), I find that a hearing is unnecessary.[2] *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

**I.      Background**

On April 27, 2021, Plaintiff Wayne J. Brooks sued Defendant under the Federal Tort Claims Act, 28 U.S.C. § 1346. ECF No. 1. The Complaint asserts a single negligence count arising from a motor vehicle collision on May 24, 2018. *Id.* After the close of discovery, Defendant filed this Motion, which is now ripe for decision.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 17.

[2] The motion to seal filed at ECF No. 31 will be granted.

**II.    Discussion**

    **A.    Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

    **B.    Undisputed Facts**

In considering the Motion, the Court will view the facts and the inferences to be drawn from them in the light most favorable to Plaintiff. *See Scott*, 550 U.S. at 378. On May 11, 2018,

while operating a vehicle owned by his then-employer, Plaintiff's vehicle was rear-ended by another vehicle on I-495. At the time of the collision, Plaintiff's vehicle was stopped and the vehicle that crashed into him was traveling approximately 60-70 miles per hour. The collision caused Plaintiff's vehicle to crash into the car ahead of him (which, in turn, caused that car to crash into the car ahead of it). Plaintiff's vehicle was totaled. Plaintiff sought treatment for his injuries (including neck pain with numbness and back pain) beginning on May 14, 2018. Plaintiff was diagnosed with sprains of ligaments of lumbar spine, ligaments of thoracic spine, and joints and ligaments of parts of his neck. In addition, abnormal findings on Plaintiff's exam included midline spinous tenderness in his neck, paraspinous tenderness in his neck, and paraspinous tenderness in his upper and lower back.

About two weeks later, on May 24, 2018, before his injuries had resolved from the May 11 collision, Plaintiff was involved in another rear-end collision. This time, Plaintiff was driving a vehicle stopped in traffic on Indian Head Highway in Prince George's County, Maryland. Plaintiff's vehicle was rear-ended by a vehicle operated by a United States Department of Defense employee. The damage to Plaintiff's vehicle in this collision was minor compared to the collision that occurred two weeks earlier. The lawsuit in this case only concerns the May 24, 2018, collision. Plaintiff filed a separate lawsuit concerning the May 11, 2018, collision in the Circuit Court for Prince George's County, Maryland.

Defendant argues that it is entitled to summary judgment because Plaintiff cannot specify or apportion which of his injuries were caused by May 11 collision and which were caused by the

May 24 collision. According to this argument, because Plaintiff cannot prove what injuries were caused by the May 24 collision, he cannot recover any damages in this case as a matter of law.[3]

Defendant's argument relies largely on the deposition testimony of Plaintiff's designated expert, Dr. Kenneth Lippman. Dr. Lippman testified that the medical treatment Plaintiff received was "causally connected" to both the May 11 and May 24 collisions. *See* ECF No. 29-1 at 10. As for Plaintiff's actual injuries, Dr. Lippman testified that he was "not able to tease out what specifically" was caused by the May 11 collision and "what specifically" was caused by the May 24 collision. *Id.* As for the permanency of Plaintiff's injuries, Dr. Lippman explained that permanency could not "be split up specifically to one accident or the other accident." *Id.* And regarding an "apportionment rating" of Plaintiff's injuries, Dr. Lippman testified that he lacked sufficient information to develop such a rating and that there was "no good method for doing that." *Id.* at 11.

Defendant also notes that "Plaintiff himself cannot apportion his injuries between the May 11 and May 24, 2018," collisions. *Id.* at 14. During his deposition, Plaintiff attributed his medical complaints to "a combination of the two" collisions. *Id.* at 15. And he clarified that he did not know "what accident caused what," he only knew that "both happened at the same time" and that he was in pain because of them. *Id.* Defendant also notes that Plaintiff seeks to recover the "same medical expenses" in both his state court suit and this litigation. *Id.*

Plaintiff argues that Defendant's Motion lacks merit because "there can be two causes of a single injury." ECF No. 34-1 at 1. In addition, Plaintiff points to his uncontroverted testimony that

---

[3] Under Maryland law, to recover for negligence a plaintiff must show "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Horridge v. St. Mary's Cnty. Dep't of Soc. Servs.*, 382 Md. 170, 182 (2004) (quoting *Remsburg v. Montgomery*, 376 Md. 568, 582 (2003)).

"he felt some recovery after the May 11, 2018 accident, but that progress was reversed after the May 24, 2018 accident." *Id.* at 5; ECF Nos. 34-2 at 2, 4-5; 34-3 at 2, 3. Plaintiff also cites Dr. Lippman's testimony "that the injury from the second accident made the condition worse." ECF Nos. 34-1 at 5; 34-4 at 2, 3. Plaintiff also points to Dr. Lippman's reliance on an assessment report from another physician, Dr. Danziger, who found that Plaintiff's condition "seemed to be aggravated by the second injury that occurred on 5/24/18," and that it seemed that while "the initial incident caused less discomfort even though it was a higher velocity impact . . . . the impact from the 5/24/18 injury is the one that caused further long-term issues." ECF No. 34-4 at 5. Plaintiff states that the "nature and extent of the injuries caused by the May 24, 2018 collision should be an issue decided by the jury" (ECF No. 34-1 at 6). *Contra* 28 U.S.C. § 2402 (stating that, subject to exceptions that do not apply here, claims brought under the Federal Tort Claims Act "shall be tried by the court without a jury").

    **C.**    **Discussion**

The Court finds that the issue of what damages Plaintiff suffered as a result of the May 24, 2018, collision, if any, is a question of fact for the factfinder at trial. The Court rejects Defendant's argument that expert testimony is required for the factfinder to determine what damages are attributable to the May 24 collision. Plaintiff's expert has provided testimony that some of Plaintiff's injuries were caused by the May 24 collision, and Plaintiff has testified that his condition was aggravated as a result of the May 24 collision. Although it would be relevant, an expert's opinion about what percentage of Plaintiff's injuries were caused by the May 24 collision is not necessary for Plaintiff to prove that he suffered damages, and the amount of those damages. The evidence that the parties have submitted in connection with Defendant's Motion is enough to allow the matter to proceed to trial. Subject to Plaintiff's burden of proof, the Court will be permitted to

consider the totality of evidence in determining the amount of damages, if any, for which Defendant is responsible.

The cases that Defendant cites in its Motion do not compel a different outcome. The decision in *Access Limousine*, for instance, notes that "[e]xpert testimony is generally required when necessary to aid the factfinder in understanding complex or technical matters that are beyond the ken of the average layperson," but then holds that expert testimony was not required in that case to prove damages. *Access Limousine Serv., Inc. v. Serv. Ins. Agency, LLC*, No. TDC-15-3724, 2016 WL 6126267, at *7 (D. Md. Oct. 19, 2016) ("The Court is not persuaded that proving the existence and amount of damages in this case requires the testimony of an expert. The concept that a business unable to operate due to a loss of insurance coverage would suffer lost contracts and lost income during the period of closure is within the general knowledge of average jurors."). And in *Peterson*, the issue was whether a plaintiff had produced sufficient evidence to allow a jury to conclude that a child's injuries were caused by a negligently constructed wall that fell on a child five years after it was built. *Peterson v. Underwood*, 258 Md. 9, 14-15 (1970). *Peterson* did not hold that expert testimony was required in that case; it only held that because the plaintiff had failed to produce *any* evidence about what caused the wall to fall, the claim could not proceed to a jury.

Accordingly, on the record before the Court, a reasonable factfinder could find that Plaintiff suffered an aggravation of his preexisting medical injuries caused by the negligence of the Defendant's driver during the May 24 collision. The Defendant is not entitled to judgment as a matter of law on Plaintiff's negligence claim.

### III. Conclusion

For these reasons, Defendant's Motion for Summary Judgment (ECF No. 29) is **DENIED**. The motion to seal (ECF No. 31) is **GRANTED**. A separate order follows.

<u>November 22, 2022</u>　　　　　　　　　　　　　　<u>　　　/s/　　　　　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　　　Timothy J. Sullivan
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge