IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE J. BROOKS,                              *

      Plaintiff,                              *

v.                                                    *          Civil No. 8:21-cv-01029-TJS

UNITED STATES OF AMERICA,             *

      Defendant.                              *

                    *          *          *          *          *          *

**MEMORANDUM OPINION**

The Court conducted a two-day bench trial on July 19-20, 2023.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court must make specific findings of fact and state conclusions of law separately in any action tried without a jury. In doing so, the Court must appraise the testimony and demeanor of the witnesses, assess and evaluate the credibility of the witnesses, weigh the evidence, and choose among conflicting inferences and conclusions. In doing so, and to comply with the Rule, the Court "need only make brief, definite, pertinent findings and conclusions upon the contested matters, as there is no need for overelaboration of detail or particularization of facts." *Wooten v. Lightburn*, 579 F. Supp. 2d 769, 772 (W.D. Va. 2008). Rule 52 does not require the court to make findings on all facts presented or to make detailed evidentiary findings; if the findings are sufficient to support the ultimate conclusion of the court, they are sufficient. *Darter v. Greenville Comm. Hotel Corp.*, 301 F.2d 70, 75 (4th Cir. 1962).

Based on an evaluation of all of the evidence in the record, including the exhibits admitted by the plaintiff and the defendant, the testimony of the witnesses including credibility

determinations, the inferences to be drawn from the evidence, and the arguments of the parties, I make the following findings of fact and conclusions of law:

## I.     FINDINGS OF FACT

1.      This case arises from a rear-end automobile collision.

2.      The plaintiff in this case is Wayne J. Brooks ("Mr. Brooks").

3.      The collision occurred on the afternoon of May 24, 2018, on Indian Head Highway in Prince George's County, Maryland.

4.      Mr. Brooks' vehicle was struck from behind by a vehicle driven by Skylar E. Motley ("Mr. Motley").

5.      Mr. Motley was operating his vehicle within the scope of his employment with the United States Marine Corps.[1]

6.      Mr. Brooks was operating a Chevy Colorado pickup truck owned by his employer at the time, Vivint Solar.

7.      The weather was clear, and the road was dry.

8.      A vehicle in front of Mr. Brooks slammed on its breaks.

9.      Mr. Brooks slammed on his brakes.

10.     Mr. Motley slammed on his brakes.

11.     Mr. Motley tried to stop his vehicle before he struck Mr. Brooks' vehicle.

12.     Mr. Motley did not see the vehicle in front of Mr. Brooks.

13.     Mr. Motley pulled over and got out of the car to check if Mr. Brooks was injured.

14.     Both vehicles sustained damage.

---

[1] Mr. Motley was employed by the United States Marine Corps for four years. Subsequently Mr. Motley joined the United States Army where he had served over two years at the time of trial.

15.     The rear fender of Mr. Brooks' vehicle was dented.

16.     The hood of Mr. Motley's vehicle was bent.

17.     Mr. Brooks was able to drive his vehicle away from the accident.

18.     Mr. Motley's vehicle had to be towed from the scene.

19.     Mr. Motley was traveling approximately 40 miles per hour before he slammed on his brakes.

20.     Mr. Motley was not tailgating Mr. Brooks or traveling closer than he should have been.

21.     Mr. Motley does not recall how close he was to Mr. Brooks' vehicle when he saw the brake lights on Mr. Brooks' vehicle go on.

22.     Mr. Motley was not impaired by any medication, alcohol, or drugs on the day of the accident.

23.     Mr. Motley was not distracted at the time of the accident such as by using a mobile phone or otherwise.

24.     Mr. Motley's testimony was straightforward, consistent and detailed.

25.     Mr. Motley's testimony is credible.

## II.     CONCLUSIONS OF LAW

1.     Mr. Brooks' claim is for negligence.

2.     Mr. Brooks' contends that Mr. Motley's negligent driving caused the rear-end collision and that his injuries were exacerbated by that accident.

3.     The Federal Torts Claims Act ("FTCA") grants the District Courts of the United States jurisdiction to hear and determine claims against the United States for money damages for injury "caused by the negligent or wrongful act or omission of any employee of the Government

3

while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b).

4.      There is no dispute that Mr. Motley was operating his vehicle within the scope of his employment with the United States Marine Corps and therefore, the United States is liable under the FTCA. *See* 28 U.S.C. § 1346(b).

5.      There is also no dispute that the collision occurred in the State of Maryland.

6.      Therefore, under the FTCA, the law of Maryland applies. *See* 28 U.S.C.A. § 1346(b).

7.      In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006).

8.      Negligence is doing something that a person using reasonable care would not do or not doing something that a person using reasonable care would do. *Malik v. Tommy's Auto Serv., Inc.*, 199 Md. App. 610, 617 (2011) (citing Maryland Civil Pattern Jury Instruction 19:1 (4th ed. 2009 Supp.)).

9.      Reasonable care means that caution, attention, or skill a reasonable person would use under similar circumstances. *Id.*

10.     In Maryland, the driver of a motor vehicle must use reasonable care. *Id.* (citing Maryland Civil Pattern Jury Instruction 18:1 (4th ed. 2009 Supp.)). Reasonable care is that degree

of caution and attention that a person of ordinary skill and judgment would use under similar circumstances. *Id.*

11.     What constitutes reasonable care depends upon the circumstances of a particular case. *Sieland v. Gallo*, 194 Md. 282, 287, 71 A.2d 45, 47 (1950).

12.     A driver of a motor vehicle has a duty to keep a proper lookout. *See Brehm v. Lorenz*, 206 Md. 500, 505 (1955). The driver must reasonably observe traffic and other conditions that confront him or her. *See id.*

13.     A driver may not operate a vehicle at a speed that is greater than is reasonable and prudent under the conditions then existing. *See id.*

14.     A court may consider a vehicle's speed in determining whether the driver was exercising reasonable care.

15.     A rear driver should not follow more closely than is reasonable given the speed of other vehicles and the conditions on the highway. *Sieland*, 194 Md. at 287. It is the duty of the rear driver to keep a safe distance between the vehicles to avoid striking the front vehicle. *Mitchell v. Dowdy*, 184 Md. 634, 642-43 (1945).

16.     The front driver "must exercise ordinary care not to stop or slow up without giving the driver of the rear car adequate warning of his intention to do so." *Brehm*, 206 Md. at 505. There is no precise rule as to "how much warning the driver of the front car must give of his intention to stop or slow up, and what precautions the driver of the rear car must take to avoid colliding with a car which stops or slows up in front of him;" rather, it depends upon the facts of each case. *Id.*

17.     A driver of a motor vehicle faced with a real and sudden emergency situation not created by the driver's own conduct has a duty to use ordinary care. *Warnke v. Essex*, 217 Md. 183, 186-87 (1958). The reasonableness of the driver's actions must be that "used by an ordinarily

prudent person under the same circumstances, the emergency itself always being considered and weighed as one of the circumstances." *Id.* at 187. The driver faced with an emergency "is not required to exercise the same care as when he has ample time to reflect upon the course of action he should pursue." *Id.* at 186-87.

18.     There is no presumption of negligence in motor vehicle collisions because "it cannot be inferred in the absence of negligence that one party rather than the other was at fault." *Brehm*, 206 Md. at 508.

19.     The plaintiff must provide evidence "that the defendant, either by his act or omission, violated some duty incumbent upon him that caused the injury." *Id.* at 506.

20.     This rule applies in rear-end collisions where the mere happening of the collision does not show negligence on the part of either driver. *Id.* at 508. The fact that a vehicle is traveling in close proximity to another does not itself constitute negligence. *Id.* at 508-09.

21.     Additionally, "[i]f it appears that the driver of an automobile brought it to a sudden stop because of some emergency, without giving any warning to a driver following at a reasonable distance, there is no presumption that the rear driver was negligent unless he had the chance to stop after the necessity of stopping was apparent." *Id.*

22.     A narrow exception where courts have applied a presumption of negligence to rear-end collisions is where "a motor vehicle is lawfully stopped on a highway awaiting for traffic to clear before entering an intersecting highway and that vehicle is suddenly struck from behind by another vehicle." *Andrade v. Housein*, 147 Md. App. 617, 623 (2002).

23.     Without the presumption of negligence, the plaintiff carries a burden to prove that his injuries were caused by the defendant's negligence and that his injuries are a direct result and a foreseeable consequence of the defendant's negligence. *Id.* at 506.

24.     Here, there is no presumption of negligence.

25.     Therefore, Mr. Brooks must carry his burden of proving that (1) Mr. Motley had a duty of care, (2) that he breached that duty, (3) that Mr. Brooks was injured, and (4) that the injury was proximately caused by Mr. Motley's breach of duty.

26.     Mr. Brooks has not met his burden.

27.     Mr. Motley had a duty to use reasonable care when driving. Specifically, he had a duty not to follow the car in front of him too closely based on traffic and road conditions.

28.     Mr. Motley testified that he was driving behind Plaintiff at a safe following distance.

29.     Mr. Motley stated that when he saw Mr. Brooks' brake lights illuminate suddenly, Mr. Motley slammed on his brakes in an attempt to stop. He was unable to stop in time.

30.     Mr. Motley's inability to stop in time to avoid a collision does not mean that he was breaching his duty to drive with reasonable care.

31.     Mr. Motley's conduct was reasonable under the circumstances.

32.     There is no evidence that Mr. Motley breached his duty of care.

33.     Mr. Brooks did not testify as to anything about Mr. Motley's driving other than to say that when Mr. Brooks came to a stop, he was struck from behind by Mr. Motley's vehicle.

34.     There is no testimony indicating that Mr. Motley was speeding or otherwise driving negligently, such that he would have been able to stop in time to avoid a collision had he been exercising reasonable care.

35.     Based on the record, there is not sufficient evidence to conclude Mr. Motley's conduct was unreasonable under the circumstances.

36.     Mr. Motley did not breach his duty to exercise reasonable care.

37.     Mr. Brooks has not met his burden to prove that Mr. Motley was negligent.

38.     Based upon the finding that Mr. Motley was not negligent, the Court does not reach the issue of damages.

## III.    CONCLUSION

For these reasons, the Court finds that Defendant is entitled to judgment. Judgment will be entered separately. Once judgment is entered, the Clerk shall **CLOSE** this case.


October 10, 2023                                              _____/s/_____
Date                                                         Timothy J. Sullivan
                                                             Chief United States Magistrate Judge